JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

15-cv-6146

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 11974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
**JOSEPH HOGABOOM**

(b) County of Residence of First Listed Plaintiff **PHILADELPHIA**
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
ROBERT P. COCCO, P.C.
1500 WALNUT ST., SUITE 900
PHILADELPHIA, PA 19102    215-351-0200

**NCO FINANCIAL SYSTEMS, INC.**
County of Residence of First Listed **NEW YORK**
(IN U.S. PLAINTIFF CASES)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff) (For Diversity Cases Only) and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury Med. Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | | | ☐ 625 Drug Related Seizure of Property 21 U SC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Law | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgments Act | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (13 95 ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | | ☐ 863 DIW C/DIW W (405 (g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Force Insure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. SecurityAct | ☐ 871 IRS -Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | [x] 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

Transferred from another district

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

§47 U.S.C. §227 et seq

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $    CHECK YES only if demanded in Complaint: JURY DEMAND: [x] Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____  DOCKET NUMBER _____

DATE 11/12/15    SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**
RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____

NOV 16 2015

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

JOSEPH HOGABOOM, : CIVIL ACTION
:
v. :
:
NCO FINANCIAL SERVICES, INC. et al. : NO. **15  6146**

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus -- Cases brought under 28 U.S.C. §2241 through §2255. ( )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 8. ( )

(d) Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management -- Cases that do not fall into any one of the other tracks. ( X )

11/12/15                              _____
(Date)                                 Attorney-at-law

ROBERT P. COCCO, ESQ.
Attorney for Plaintiff

NOV 16 2015

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA -- DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 204 Trailview Drive Cary, NC 27513-1621.

**15    6146**

Address of Defendant: 507 Prudential Road, Horsham, PA 19044.

Place of Accident, Incident or Transaction: 204 Trailview DriveCary, NC 27513-1621.
(*Use Reverse Side For Additional Space*)

Does this case involve multidistrict litigation possibilities?   Yes ☐   No ☑
RELATED CASE, IF ANY:   None.

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐ No ☑

2. Does this case involve the same issue of factor grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐ No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐ No ☑

CIVIL: (Place ✓ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
(Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability - Asbestos
9. ☐ All other Diversity Cases

**ARBITRATION CERTIFICATION**
*(Check appropriate Category)*

I, Robert P. Cocco, _____ counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☑ Relief other than monetary damages is sought.

DATE: 11/12/15        Robert P. Cocco        61907
                     Attorney-at-Law         Attorney I.D.#

**NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38**

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/12/15        _____        61907
                     Attorney-at-Law         Attorney I.D.#

NOV 16 2015




UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

JOSEPH HOGABOOM,

    Plaintiff,

-vs-

NCO FINANCIAL SYSTEMS, INC.,

    Defendant.

_____/

CASE NO.: **15 6146**

FILED
NOV 16 2015
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clk.

## COMPLAINT

### JURISDICTION AND VENUE

1. Plaintiff brings this action to recover statutorily prescribed damages for acts on the part of Defendant in violation of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, *et seq.* (hereafter "TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereafter "FDCPA"), and the North Carolina Collection Agency Act § 58-70-1, *et seq* (hereafter "NCCAA").

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 as this case presents a federal question, and supplemental jurisdiction under 28 U.S.C. § 1367 for the related state law claims.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that this is the judicial district in which the Defendant resides.

### PARTIES

4. Plaintiff, JOSEPH HOGABOOM, is and was at all material times a natural person over the age of eighteen (18), who resides in Cary, Wake County, North Carolina, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Plaintiff JOSEPH HOGABOOM is the "called party" with respect to the calls placed to his cellular telephone number, (919) 461-0281, as further described herein. See In re Rules and Regulations Implementing the TCPA of 1991, Declaratory Ruling and Order, CG Docket No. 02–278, WC Docket No. 07–135, FCC 15–72, ¶ 73, 2015 WL 4387780 (July 10, 2015) ("2015 FCC Order").

6. At all times material, Defendant, NCO FINANCIAL SYSTEMS, INC., (hereafter "NCO"), was and is a corporation engaged in the business of collecting debts within the Commonwealth of Pennsylvania and the State of North Carolina, with its principal place of business located at 507 Prudential Road, Horsham, PA 19044.

7. At all material times, Defendant sought to collect an alleged debt from Plaintiff that arose from a transaction incurred for personal, family or household purposes, and was therefore operating as a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. §1692a(6).

8. At all times material hereto, Defendant NCO sought to collect an alleged debt from Plaintiff JOSEPH HOGABOOM that arose from a transaction allegedly incurred for personal, family or household purposes, related to an account Plaintiff briefly had with DirecTV for residential service, and is therefore a "consumer debt" as that term is defined under 15 U.S.C. § 1692a(5).

## FACTUAL ALLEGATIONS

9. On or about May 20, 2009, Plaintiff called DirecTV to cancel his service, which was within a ninety (90) day trial promotional plan, and spoke with a DirecTV representative identified as "Mary." The Plaintiff was advised that since he did not keep the service for 90 days,

DirecTV intended to reverse the $50 promotional credit, resulting in a balance being charged to Plaintiff. Plaintiff protested DirecTV's reversal of the promotional credit, and the resulting balance, and stated to DirecTV's representative that DirecTV employed a clearly deceptive sales technique aimed at retaining customers, that he felt he had been lied to, and that he did not want to be contacted by DirecTV with additional offers or efforts to collect the resulting alleged debt.

10. On or about May 13, 2009, Plaintiff contacted the North Carolina Attorney General's office and spoke with a representative regarding DirecTV's aforementioned conduct in rescinding the $50 promotional credit, as described above. Plaintiff was advised that the NC Attorney General's Office had observed a "very systematic pattern of poor decisions from DirecTV" and that the reversal of the promotional credit was another instance of DirecTV's deceptive sales practices, and that the NC Attorney General's Office had a back-log of complaints against DirecTV, including a "very high level of unresolved complaints."

11. Thereafter, Plaintiff wrote a letter to the Better Business Bureau (hereafter "BBB") regarding the above described conduct on the part of DirecTV.

12. On or about May 26, 2009, Plaintiff received a response to his complaint with the BBB which enclosed a statement from DirecTV Office of the President, apologizing for the above described billing issues, stating that the promotional credit would be reapplied to zero the account balance, and that Plaintiff was actually entitled to a refund of $9.09, and DirecTV would expedite the processing of the refund on Plaintiff's behalf, which would be received within ten (10) days.

13. Subsequent to the above described communication from the DirecTV Office of the President, expressly and unambiguously waiving any alleged balance owed on Plaintiff's

3

DirecTV account, Defendant NCO, purchased, acquired, took assignment of, or was otherwise employed by DirecTV to collect an alleged debt with respect to the Plaintiff's DirecTV account.

14. In or about May of 2011, Defendant NCO began initiating autodialed calls to Plaintiff's cellular telephone number, (919) 461-0281, in an effort to collect a debt allegedly owed on the aforementioned DirecTV account.

15. Upon answering several of these calls, Plaintiff explained the above described history regarding the DirecTV account, including his communications with the NC Attorney General's Office, his written complaint to the Better Business Bureau, and the subsequent response to Plaintiff's BBB complaint from DirecTV, waiving any balance owed, bringing the balance to zero, and confirming that Plaintiff was entitled to a refund. Plaintiff further instructed Defendant's representatives on numerous such occasions to stop placing calls to his aforementioned cellular telephone number, and to correct or withdraw any adverse reporting of the alleged debt to the Credit Reporting Agencies.

16. Thereafter, despite Plaintiff having explained that he does not owe the debt NCO was calling to collect, and despite his unambiguous instructions to stop calling, Defendant continued initiating calls to Plaintiff's aforementioned cellular telephone number in an effort to collect the above described alleged debt, disregarding Plaintiff's instructions to cease placing such calls.

17. Moreover, despite Plaintiff providing Defendant's representatives with the above described history of the DirecTV billing issue, and the unambiguous written waiver of the alleged balance by DirecTV's Office of the President, and Plaintiff's demand that NCO correct or withdraw any adverse reporting of the alleged debt to the Credit Reporting Agencies, Plaintiff

was advised by Defendant's representatives that if Plaintiff did not pay the alleged debt, the negative reporting would remain on his credit report for seven (7) years.

18. Defendant intentionally harassed and abused the Plaintiff on numerous occasions by and through their agents and representatives, including but not limited to calling several times during one day and on back to back days, with such frequency as can reasonably be expected to harass the Plaintiff.

19. To date, Defendant has placed in excess of four hundred (400) calls to Plaintiff's aforementioned cellular telephone number.

20. Despite Plaintiff demanding that Defendant stop placing calls to his aforementioned cellular telephone number, and advising Defendant that he does not owe the money it was seeking to collect, Defendant, in an effort to collect the above described alleged debt, proceeded to engage in conduct in violation of the TCPA, FDCPA and NCCAA, as described herein.

21. The telephone calls at issue were placed by Defendant NCO using an "automated telephone dialing system" as specified by the TCPA, 47 U.S.C. § 227(a)(1), which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers; and/or which has the capacity to dial numbers from a list without human intervention (hereafter "ATDS" or "autodialer").

22. Defendant initiated each of the calls at issue to Plaintiff's aforementioned cellular telephone number without the "prior express consent" of Plaintiff as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

23. Alternatively, Defendant initiated each of the calls at issue to Plaintiff's aforementioned cellular telephone number subsequent to Plaintiff's revocation of any "prior express consent" Plaintiff may have previously provided to Defendant, or that Defendant mistakenly believed it had.

24. Additionally, none of the telephone calls at issue were placed by Defendant to Plaintiff's aforementioned cellular telephone number for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

25. Defendant consents of and has knowledge and control of the collection activities of its agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors with respect to the collection activity alleged herein.

26. Defendant NCO has a corporate policy of initiating debt collection calls using an automatic telephone dialing system and/or a prerecorded or artificial voice message, just as it did when calling the Plaintiff's aforementioned cellular telephone number, as described herein.

27. Defendant NCO willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

28. Despite actual knowledge of its wrongdoing, Defendant NCO continued its campaign of harassment and abuse.

29. Defendant NCO's corporate policy provided no means for the Plaintiff to have his number removed from the call list.

30. Defendant NCO intentionally harassed and abused the Plaintiff on numerous occasions by calling several times per day, and on back to back days, with such frequency as can

reasonably be expected to harass, even after Plaintiff repeatedly told Defendant's representatives to stop calling.

31. Defendant NCO has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not owe the alleged debts that are the subject of NCO's collection calls.

32. Defendant NCO followed its corporate policy when placing the calls at issue to Plaintiff's aforementioned cellular telephone number.

33. Defendant NCO has been the recipient of numerous complaints from debtors, alleged debtors, and non-debtors across the country, similar to those alleged in this action by Plaintiff.

34. Defendant NCO has, or should be in possession and/or control of call logs, account notes, auto dialer reports and/or other records that detail the exact number of calls made to Plaintiff over the relevant time period.

35. As a direct and proximate result of Defendant's actions, Plaintiff has sustained mental pain and suffering, emotional distress, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.

36. All conditions precedent to the filing of this action have occurred.

## COUNT I
### VIOLATION OF THE TCPA AGAINST NCO

37. Plaintiff re-alleges and incorporates by reference all prior allegations as if fully set forth herein.

38. None of the calls at issue were placed by Defendant to Plaintiff's aforementioned cellular telephone number with the "prior express consent" of Plaintiff, as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

39. Alternatively, Defendant initiated each of the calls at issue to Plaintiff's aforementioned cellular telephone number subsequent to Plaintiff's revocation of any "prior express consent" Plaintiff may have previously provided to Defendant, or that Defendant mistakenly believed it had.

40. Additionally, none of the calls at issue were placed by Defendant to Plaintiff's aforementioned cellular telephone number for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

41. Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff by repeatedly placing non-emergency calls to Plaintiff's aforementioned cellular telephone number using an automated telephone dialing system and/or prerecorded or artificial voice message without Plaintiff's prior express consent, and after Plaintiff instructed Defendant to discontinue calling Plaintiff, as specifically prohibited by the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

42. The TCPA provides Plaintiff with a private right of action against Defendant for its violations of the TCPA, as described herein, pursuant to 47 U.S.C.A. § 227(b)(3), and permits both injunctive relief in addition to statutory damages.

### COUNT II - VIOLATION OF THE FDCPA AGAINST NCO

43. Plaintiff re-alleges and incorporates by reference all prior allegations as if fully set forth herein.

44. Plaintiff has been the object of collection activity by Defendant arising from an alleged consumer debt.

45. Defendant is a "debt collector" as defined by the FDCPA.

46. Defendant engaged in an act or omission prohibited under 15 U.S.C. §1692d by engaging in conduct in connection with the collection of a debt, the natural consequence of which is to harass, oppress, or abuse Plaintiff.

47. Defendant engaged in an act or omission prohibited under 15 U.S.C. §1692d(5) by causing Plaintiff's cellular telephone number to ring or engaging Plaintiff in telephone conversations repeatedly or continuously with the intent to annoy, abuse, or harass Plaintiff at the called number.

48. Defendant engaged in an act or omission prohibited under 15 U.S.C. §1692d(6) by calling Plaintiff's aforementioned cellular telephone number and hanging up prior to or as soon as the Plaintiff or the Plaintiff's voice mail answered the call, in such a way as to fail to provide a meaningful disclosure of its identity.

49. Defendant engaged in an act or omission prohibited under 15 U.S.C. §1692e(2)(a) by failing to accurately represent the character, amount, or legal status of any debt.

50. Defendant engaged in an act or omission prohibited under15 U.S.C. §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect a debt from Plaintiff or to obtain information concerning Plaintiff.

51. Defendant engaged in an act or omission prohibited under 15 U.S.C. §1692e(11) by calling Plaintiff's aforementioned cellular telephone number and hanging up prior to or as soon as the Plaintiff or the Plaintiff's voice mail answered the call, in such a way as to fail to

disclose that the communication was from a debt collector.

52. Defendant engaged in an act or omission prohibited under 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect a debt from Plaintiff.

53. Defendant's acts and omissions as described herein have directly and proximately resulted in Plaintiff's prior and continuing sustaining of damages as described by 15 U.S.C. §1692 including, but not limited to: statutory damages, actual damages in the form of emotional pain and suffering, fear, worry, embarrassment, humiliation and loss of the capacity for the enjoyment of life, and attorneys' fees and costs.

### COUNT III - VIOLATION OF THE NCCAA AGAINST NCO

54. Plaintiff re-alleges and incorporates by reference all prior allegations as if fully set forth herein.

55. The Plaintiff is a "person" as the term is defined by N.C. Gen.Stat. § 58-70-6(4).

56. The Defendant is a "collection agency" as the term is defined by N.C. Gen.Stat. § 58-70-15. Defendant is duly licensed to collect debt in the state of North Carolina pursuant to N.C. Gen.Stat. § 58-70-1.

57. Defendant engaged in an act or omission prohibited under NC Gen. Stat. § 58-70-95(3) by threatening to make false accusations to another person, including any consumer reporting agency, that Plaintiff has not paid or has willfully refused to pay a just debt.

58. Defendant engaged in an act or omission prohibited under NC Gen. Stat. § 57-70-100 by engaging in conduct in connection with the collection of a debt, the natural consequence of which is to harass, oppress, or abuse Plaintiff.

59. Defendant engaged in an act or omission prohibited under NC Gen. Stat. § 57-70-100(2) by calling Plaintiff's aforementioned cellular telephone number and hanging up prior to or as soon as the Plaintiff or the Plaintiff's voice mail answered the call, in such a way as to fail to provide a meaningful disclosure of its identity.

60. Defendant engaged in an act or omission prohibited under NC Gen. Stat. § 57-70-100(3) by causing Plaintiff's cellular telephone number to ring or engaging Plaintiff in telephone conversations with such frequency as to be unreasonable or to constitute a harassment to the person under the circumstances or at times known to be times other than normal waking hours of the person.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

A. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

B. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for each Plaintiff;

C. for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff;

D. for defendants' negligent violations of 47 U.S.C.§227(b)(1), $500.00 in statutory damages for each and every call that violated the TCPA, pursuant to 47 U.S.C.§227(b)(3)(B);

E. for defendants' willful and/or knowing violations of 47 U.S.C.§ 227(b)(1), up to $1,500.00 for each and every call that violated the TCPA, pursuant to 47 U.S.C.§227(b)(3)(B);

F.  for such other and further relief as may be just and proper.

Dated: Nov. 9, 2015

*/s/ Robert P. Cocco*

ROBERT P. COCCO, P.C.
Attorney for Plaintiff
By:  Robert P. Cocco, Esquire
Pa. Id. No. 61907
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
215-351-0200
Counsel for Plaintiff

*/s/ David P. Mitchell*

David P. Mitchell, Esq.
Florida Bar No. 067249
MANEY & GORDON, P.A.
101 East Kennedy Blvd., Suite 3170
Tampa, Florida 33602
Telephone: (813) 221-1366
Fax: (813) 223-5920
David@MitchellConsumerLaw.com
D.Mitchell@maneygordon.com
V.Marrero@maneygordon.com
Counsel for Plaintiff
Pro hac vice pending

12